IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 2:24cr48 |
| ) | |
| COREY THOMAS MASON ) | |

**DEFENDANT'S SUPPLEMENTAL POSITION AS TO THE SENTENCING FACTORS**

Corey Thomas Mason, by counsel, supplements his previous position paper due to the availability of new information. On November 1, 2024, this Court ordered the preparation of a psychosexual evaluation. ECF No. 27. The evaluation has been conducted, filed under seal, and is reflected in the second additional addendum to the PSR. ECF Nos. 33, 35. This supplemental position paper addresses the relevant sentencing factors, as informed by the psychosexual evaluation.

**I.    Deterrence and Protecting the Public**

Courts sentence people with the hope that those before them will never commit the same crime again. This is specific deterrence, which is tied in with "protect[ing] the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B),(C). For Mr. Mason, there is a significant collateral consequence that is intended to protect the public: he is going to be required to register as a sex offender. Underlying the sex offender registry is a concern that individuals with these types of convictions pose a risk to the public. Mr. Mason has shown, through his actions over the last three years, that he has been specifically deterred. But in addition to that, the Court-ordered psychosexual evaluation shows that he is neither a risk to children, nor a person with a voyeuristic disorder. Dr. Shauna Keller evaluated Mr. Corey Mason for three and a half hours and also

1

conducted a collateral interview with Mr. Mason's counselor, Amber Hill. ECF No. 33, at 1. The evaluation involved deeply personal and potentially embarrassing questions, and Mr. Mason "cooperated fully." *Id*. The results of this evaluation show that Mr. Mason is not a continuing threat. First, he is not a pedophile. In the terms of the evaluation, he "does not meet criteria for" Pedophilic Disorder. *Id*. at 14. To the contrary, he prefers men "of his age or slightly older, who possess an athletic build or other attributes he perceives as 'more manly or masculine.'" *Id*. at 13. Second, any voyeuristic behaviors he engaged in were not sufficient to meet the criteria for Voyeuristic Disorder, and even if they had, he "would currently be considered in partial remission." *Id*.

For over three years, "Mr. Mason has remained offense-free and actively engaged in mental health treatment, effectively managing his symptoms through medication." ECF No. 33, at 2. This treatment, discussed below, is essential in supporting specific deterrence and the continued protection of the public.

## II.   Needed Medical Care

Mr. Mason is engaging in needed medical care in the most effective manner, which is a consideration before this Court. 18 U.S.C. § 3553(a)(2)(D).

> During the collateral interview with Ms. Hill, she confirmed that Mr. Mason has consistently attended weekly treatment sessions, with the primary focus on helping him manage his anxiety and the uncertainty surrounding his current case. Ms. Hill reported that Mr. Mason is actively engaged in his treatment, demonstrating empathy for the victims of his sexual offending behaviors. When discussing his offending behaviors, Ms. Hill stated, "He felt like his life was out of control at the time, and this [voyeurism] was a way for him to take control. He definitely sees all the circumstances and now sees there are other ways to resolve the hurt he felt." When asked for her clinical impression of Mr. Mason's suitability for community-based sex offender specific treatment, Ms. Hill expressed confidence, stating he is a good candidate; "I don't foresee any issues with him." She further explained that Mr. Mason has a reliable and healthy support system, a positive attitude toward treatment, and a forward-thinking mindset as key factors contributing to his progress.

ECF No. 33, at 7. The sentencing statute requires that courts "impose a sentence sufficient, but not greater than necessary" to meet the goals of sentencing. 18 U.S.C. § 3553(a). For Mr. Mason, a sentence that is "greater than necessary" would not only be unjust, but it risks making Mr. Mason *more* likely to recidivate.

Today, Mr. Mason is surrounded by good influences. He is living with his loving and supportive family, has access to individualized care, and is engaging in treatment. Dr. Keller specifically notes that his positive support system is a protective factor that mitigates the risk of reoffending. *Id*. at 21. In contrast, the prison environment creates its own risks, due in no small part to the antisocial influences Mr. Mason will be surrounded by. As Dr. Keller opines:

> From a clinical and risk management perspective, Mr. Mason may be more adversely affected by term of incarceration and exposure to an environment typically dominated by antisocial peers who are at a much higher risk for re-offense. It is my impression that Mr. Mason is an appropriate candidate for treatment in a community setting while under a term of supervision. When considering the context of the instant offense, combined with few identified risk factors related to recidivism, it suggests that Mr. Mason will continue to respond well to the external structure and accountability that characterize the conditions of supervised release.

ECF No. 33 at 22. Based purely on the administered risk assessments, people with Mr. Mason's risk factors have an 86% chance of not reoffending. *Id*. at 3. It is in society's best interest for Mr. Mason to continue the treatment that further reduces his risk of recidivism.

### III.    Avoiding sentencing disparities

The sentencing statute requires courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct…" 18 U.S.C. § 3553(a)(6). Had Mr. Mason been prosecuted in the state of Virginia for the exact same conduct, it would have been a violation of Va. Code § 18.2-386.1. With the enhancement for recording a nonconsenting person under the age of 18, it would have been

punishable as a Class 6 felony. Va. Code § 18.2-386.1(D). This offense does not even require sex offender registration, unless the person commits a third or subsequent offense. Va. Code § 9.1-902. So, his maximum penalty in the state for the exact same conduct – which assumes that he would not be given the benefit of a plea agreement, considering his lack of criminal history – would be five years of incarceration. Va. Code. § 18.2-10(f).

The facts are also mitigating. Mr. Mason captured a recording of one prepubescent minor.[1] The entire video is approximately eight seconds long, due to the angle of the video there is limited exposure, and the individual is wearing a mask, so he cannot be identified. Taken together, these facts and the collateral consequences of Mr. Mason's charge leads to a disparate outcome. He is facing significant incarceration and is going to be required to register as a sex offender.

## CONCLUSION

Mr. Mason respectfully requests this Court consider these factors in determining an appropriate sentence in this case.

Respectfully submitted,

COREY THOMAS MASON

By:_____/s/_____
Keith Loren Kimball
VSB No. 31046
Virginia M. Bare
Member of the Maryland Bar
Assistant Federal Public Defenders
Attorneys for Corey Mason
Office of the Federal Public Defender
500 E. Main Street, Suite 500
Norfolk, Virginia 23510
Telephone: 757-457-0800
Telefax: 757-457-0880
Email: keith_kimball@fd.org
ginnie_bare@fd.org

---

[1] The parties agree that he only took one video of a prepubescent minor.

4

_____/s/_____
John A. Wray, Jr., Esq.
Virginia Bar # 08940
Attorney for Defendant
10A West Queens Way
PO Box 547
Hampton, VA 23669
757-723-0016 phone
ashtonwray@yahoo.com

## CERTIFICATE OF SERVICE

I certify that on this 4th day of April, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification (NEF) to all counsel of record.

And I hereby certify that I will email the document to the following non-filing user:

Latriston Cox
United States Probation Officer
U.S. Probation Office
600 Granby Street, Suite 230
Norfolk, Virginia 23510
Email:  Latriston_Cox@vaep.uscourts.gov

_____/s/_____
Virginia M. Bare
Member of the Maryland Bar
Assistant Federal Public Defender
Attorney for Corey Mason
Office of the Federal Public Defender
500 E. Main Street, Suite 500
Norfolk, Virginia 23510
Telephone: 757-457-0800
Telefax: 757-457-0880
Email: ginnie_bare@fd.org