IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA

v.

COREY THOMAS MASON,

DEFENDANT.

Case No. 2:24-cr-48

## AMENDED STATEMENT OF FACTS

The United States and, COREY THOMAS MASON (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. On February 8, 2022, the Naval Investigative Criminal Service (NCIS) was notified by the Norfolk Naval Shipyard (NNSY) Police Department, regarding a video voyeurism that had recently occurred on NNSY, in Portsmouth, VA, within the Controlled Industrial Area (CIA), which is exclusive federal property. NNSY reported Corey MASON, was in the process of being transported to their precinct after being detained for taking videos of other males while in public restrooms onboard NNSY. NNSY requested assistance from NCIS with conducting a review of MASON's Apple iPhone SE cellphone.

2. Law enforcement and obtained a Permissive Authorization for Search and Seizure (PASS) for MASON's cellphone. NCIS then conducted a Cellebrite digital forensic extraction on MASON's cellphone. During an initial review of the cellphone extraction law enforcement noticed multiple suspected surreptitious recordings of over 17 unknown males while utilizing bathroom stalls.

1



3. On February 14, 2022, an individual with NNSY Police Department conducted further review of the defendant's cellphone Cellebrite extraction. During this review, NNSY Police Department identified two videos of minor males using the bathroom were discovered on the defendant's cellphone.

4. On April 13, 2022, NCIS obtained a federal search warrant to review the forensic extraction of the defendant's cellphone for evidence related to the production and possession of images depicting minors engaging in sexually explicit conduct.

5. A digital forensic examiner reviewed the forensic extraction and found 141 voyeuristic videos taken in what appear to be bathroom stalls. The forensic examiner located two video depicting minor males using the bathroom, specifically video file "IMG_2886.MOV" and "IMG_2887.MOV." "Both videos depict minor juvenile males using the bathroom with their penises visible and appear to be made by the defendant holding the phone over the bathroom stall. The defendant took these videos to sexually stimulate himself.[1] The video is a visual depiction of a minor engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A). The video "IMG_2886.MOV" depicts a prepubescent minor or a minor who had not attained 12 years of age.

6. The forensic examiner determined that the videos were taken on September 4, 2021, at an amusement park located in the Eastern District of Virginia. The forensic examiner was able to determine that the videos were taken with an Apple iPhone SE cellphone which is the same make and model for the device from which the file was extracted.

---

[1] See United States v. Courtade, 929 F.3d 186, 192 (4th Cir. 2019) (finding that the plain meaning of lascivious exhibition requires that we ask whether the video was taken "to excite lustfulness or sexual stimulation in the viewer.")

2

7. The defendant admits and the evidence substantiates that on or about February 8, 2022, in Newport News, Virginia, within the Eastern District of Virginia, did knowingly possesses an Apple iPhone SE cellphone, which was manufactured outside of Virginia, and which contained a visual depiction which was produced using materials which have been mailed, shipped or transported using a means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, by any means including by computer, and the producing of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction is of such conduct, including a visual depiction of a prepubescent minor or a minor who had not attained 12 years of age.

8. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

9. The actions of the defendant, as recounted above, were in all respects knowing deliberate, and intentional, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: April 8, 2025

By: _____
Matthew J. Heck
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, COREY THOMAS MASON, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
COREY THOMAS MASON

We, Virginia Bare and John Ashton Wray, defendant's attorneys, have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Virginia Bare
Attorney for COREY THOMAS MASON

_____
John Ashton Wray., Esq.
Attorney for COREY THOMAS MASON

4